THE STATE OF KANSAS v. W. E. PRICE.

CRIMINAL CASE—*Instructions*—*Alibi*.  In a criminal prosecution
the mere statement by the court in the charge to the jury that an
alibi is a good defense, if proven, is not erroneous or misleading
where the jury are directed in the same connection that if they
have a reasonable doubt as to the presence of the defendant at
the time and place when and where the crime was committed they
must acquit.

*Appeal from Reno District Court.*

THE opinion states the case.

*W. H. Lewis*, and *Davidson & Williams*, for appellant.

*F. B. Dawes*, attorney general, and *L. M. Fall*, county
attorney, for The State ; *Z. L. Wise*, of counsel.

The opinion of the court was delivered by

ALLEN, J. : The principal question presented in
this case has been disposed of in another case between
the same parties, just decided.   The only further
question necessary to be now considered arises on the
eleventh instruction given by the court to the jury.
If nothing more had been given than is quoted in the
brief of counsel for appellant, error would have been
committed, but the whole instruction is as follows :

" One of the defenses made by the defendant in this
case is what is known as an *alibi;* that is, that the
defendant was in another place at the time of the
commission of the crime.   This is a proper defense,
if proven ; and if, in view of all the evidence, the jury
have a reasonable doubt as to the presence of the de-
fendant at the time and place when the crime was
committed, they should give the defendant the benefit
of the doubt, and find him not guilty."

This instruction, taken as a whole, did not cast on

the defendant the burden of proving his absence from the place where the crime was committed, but distinctly told the jury that if they were in doubt as to his presence they should give him the benefit of that doubt. It would be hypercritical to hold this instruction erroneous merely because a disconnected portion of a sentence would be erroneous standing by itself.

The judgment is affirmed.

All the Justices concurring.