## THE STATE OF KANSAS V. H. LACKEY AND ANDY SHANKS.

No. 14,458.   ( 82 Pac. 527.)

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Erroneous Instruction Cured by Other Instructions.* An instruction which states a proposition of law in general terms, and which is generally correct but is erroneous and misleading in the case on trial, may be corrected by other instructions so specific in their terms, and so unmistakably applicable to the facts shown by the evidence, that no jury could reasonably be misled by the general instruction. In such case the error is cured.

2. —————— *Refusal of a New Trial—Conflicting Evidence—Review.* When, on a motion for a new trial, the evidence is conflicting, and the ruling of the court upon the motion evidently amounts to a finding upon the disputed fact or facts, such finding should not be disturbed unless the ruling also involves an error of law or an evident abuse of the discretion with which the trial court is vested in determining such motions.

3. —————— *New Trial—Newly Discovered Evidence.* A new trial should not be allowed on the ground of newly discovered evidence when such evidence appears to be competent only for the purpose of impeaching the witnesses of the opposite party or when it is merely cumulative.

Appeal from Marion district court; OSCAR L. MOORE, judge. Opinion filed October 7, 1905. Affirmed.

STATEMENT.

THE defendants were tried jointly, and each was convicted on two counts for selling intoxicating liquors in violation of the prohibitory liquor law, at Peabody, on the 10th of September, 1904.

The information contained seven counts, the first six charging unlawful sales and the seventh the maintenance of a nuisance. The seventh count was disposed of by the court on a motion to quash, and the jury returned a verdict of not guilty as to the first four counts, and guilty as to the fifth and sixth, the prosecution having elected to rely for conviction on the last two

counts on two separate sales on September 10, 1904. A motion for a new trial was denied. The defendants were sentenced, and seek a reversal of the judgments in this court.

*C. C. Coleman,* attorney-general, *Jay F. Close,* assistant attorney-general, and *S. Burkholder,* county attorney, for The State.

*W. H. Carpenter,* for appellants.

The opinion of the court was delivered by

SMITH, J.: The first and second assignments of error are based upon the admission of the evidence of one Heath, over the objection of defendants, that he obtained certain bottles of liquid from the under-sheriff, who seized some filled bottles at the time of the arrest; that he took them to Professor Lovewell to be analyzed and remained until the work was done, and had had the bottles in his possession ever since, producing two bottles which he said were the same. Professor Lovewell was called as a witness in regard to the analysis, and on objection his evidence was excluded. Thereupon the defendants moved to strike out the evidence of Heath in regard thereto, which motion the court denied.

It is urged that the defendants were prejudiced by the display of the bottles and the statement that an analysis had been made. The court might well have allowed the motion to strike out. However, in ruling upon the proffered testimony of Lovewell the court said, in the presence of the jury, that he did not think the evidence "competent for the sale alleged to have been made on a day previous to the time it [the liquid in the bottles] was taken." This in effect withdrew the evidence from the consideration of the jury, so far as the alleged sales were concerned, and cured the error, if there was error.

The State v. Lackey.

Again, it is urged that the court erred in giving the following instruction:

"It is not necessary, in order to establish the offense charged, that the state should prove the charge or crime to have been committed on the exact day alleged in the information. It would be sufficient to show that the crime was committed at any time within two years prior to the 14th day of September, 1904, which was the day this prosecution was begun."

This is the usual and correct instruction given relating to the certainty of date and the limitation of the action where, as is usual, only one crime is charged in the information, but was erroneous and misleading in the case at bar. In this case there were six illegal sales charged. Under the order of the court the prosecution had elected to rely for conviction on a particular date for each, and, under the fifth and sixth counts of the information, upon sales made upon the 10th day of September, 1904; and one of the defendants had produced evidence that he was not in Peabody on that day, but was miles away in another town.

It is said this instruction not only nullifies the election of sales the prosecution had been required to make, but also destroys the effect of the proof of an alibi. In answer to this it is sufficient to say that the above instruction is general in its terms, and that in the seventh instruction the court told the jury that before they could convict the defendants upon the fifth count of the information they must find beyond a reasonable doubt that defendants sold intoxicating liquor to one Harvey on the 10th day of September, 1904, as testified to by Harvey, Kelly, and Kelshimer. Also, in the eighth instruction, the jury were told that before they could convict the defendants on the sixth count they must believe beyond a reasonable doubt that the defendants sold intoxicating liquor to witness Kelshimer, in the presence of Harvey and Kelly, at the place testified to by these witnesses, on September 10, 1904. These specific directions, which cannot be mis-

7—72 KAN.

understood, cure the error in the foregoing instruction as to time.

The contention of appellants that the above-quoted instruction nullifies the evidence that one of the defendants was absent on the 10th day of September, 1904, from the place where the offenses were alleged to have been committed would have more weight were the personal presence of such defendant essential to his guilt, as in the cases of *The State v. Abbott,* 65 Kan. 139, 69 Pac. 160, and *The State v. Conway,* 55 Kan. 323, 40 Pac. 661. In the case at bar the defendant who claims to have been elsewhere at the time the offense is claimed to have been committed may have been equally guilty, whether absent or present. Therefore no instruction as to the alleged alibi was necessary.

It is claimed that the court should have granted a new trial for the misconduct of counsel for the state. The record discloses no such misconduct prejudicial to appellants that was not corrected at the time it occurred.

The newly discovered evidence set forth in the affidavits on the motion for a new trial is almost entirely impeaching in its nature. New trials should not be granted, generally, for the purpose of producing impeaching evidence. (*The State v. Stickney,* 53 Kan. 308, 36 Pac. 714, 42 Am. St. Rep. 284; *Clark v. Norman,* 24 Kan. 515; *The State v. Smith,* 35 Kan. 618, 11 Pac. 908, and cases cited.) The witness Kelly, by his affidavit, squarely impeached his own testimony given on the trial. Indeed, he expressly stigmatized his testimony as false. Again, he appeared and testified orally on the motion for a new trial and in effect said his statements in the affidavit were false; that he was induced by threats and fear to make the affidavit. Yet he is shown to have driven to town, part of the way alone and part of the way with one of the attorneys for defendants, for the very purpose of making the affidavit. It is not in the interest of justice to convict accused men on the testimony of creatures capable of

such conduct. The conviction of the defendants, however, does not rest alone upon the testimony of Kelly.

The granting or refusal of a new trial is largely within the discretion of the trial court. The court sees and hears the witnesses, and has a better opportunity to know whether justice has been done than this court can have, and its ruling on such a motion has something of the standing of a finding of fact deduced from conflicting evidence and should not be disturbed except for error of law or for a manifest disregard of facts amounting to an abuse of discretion. (*City of Sedan v. Church,* 29 Kan. 190; *Investment Co. v. Hillyer,* 50 Kan. 446, 31 Pac. 1064; *Shepard v. Lynch,* 26 Kan. 377.)

The defendants appear to have had a fair trial, and the judgment is affirmed.

All the Justices concurring.