MRS. L. HERRALD, *Appellee,* v. HERBERT PARIS et al.,
Partners, etc., *Appellants.*

No. 18,030.

SYLLABUS BY THE COURT.

1. ACTION—*Relief on Ground of Fraud—Proof Required—Instructions.* In an action for relief on the ground of fraud, an instruction that the plaintiff is entitled to recover if he has proved his allegations by a preponderance of the evidence, and that a bare preponderance is sufficient for the purpose, will not require the setting aside of a verdict against the defendant, in the absence of anything further to indicate that the jury were misled, where they were also told that matters that are unusual, unnatural or out of the ordinary course of affairs, should not be taken for granted upon slight proof, but can be established only by evidence of a reliable character, such as satisfies the mind.

2. NEW TRIAL—*Newly Discovered Evidence.* In a case which at a first trial turned wholly upon a question of veracity between the parties, it is held that a new trial should be granted on the ground of newly discovered evidence, in order to give opportunity for the production of a disinterested witness upon the vital matter at issue.

Appeal from Woodson district court. Opinion filed March 8, 1913. Reversed.

*G. R. Stephenson,* of Yates Center, for the appellants.

*G. H. Lamb,* and *W. E. Hogueland,* both of Yates Center, for the appellee.

The opinion of the court was delivered by

MASON, J.: Mrs. L. Herrald sued Herbert Paris and Karl Garvin, alleging that by false representations concerning a piece of real estate they had induced her to purchase it, and asking for damages on that account. She recovered a judgment, and the defendants appeal.

Some question was made with regard to the title to the property, but if there was a defect it was corrected and has become immaterial. Two of the mis-

statements alleged to have been made were as to the
amount of a mortgage lien and taxes due against the
property. The defendants admit that each was under-
stated, but say this was due to a mistake. They offered
to pay the difference, with costs, so this feature of the
matter is also taken out of the case. The remaining
misrepresentations alleged are that the property was
worth $1600, and that it was rented for $15 a month.
The value of the property was of course to a greater
or less extent a matter of opinion (*Else v. Freeman,*
72 Kan. 666, 83 Pac. 409; 20 Cyc. 51), but the amount
of revenue it produced was necessarily fixed and defi-
nite. It was in fact bringing in but $6 a month. The
defendants maintain that they so stated to the plain-
tiff, and deny having made any different representa-
tion. This was the vital issue in the case, and the
testimony upon it was sharply conflicting.

A reversal is asked because of the instructions given,
and because of the overruling of a motion for a new
trial on the ground of newly discovered evidence. For
the reason that the plaintiff's action was based upon
an alleged fraud, she was required to prove it by
stronger evidence than would suffice in an ordinary
case. The defendants maintain that the court com-
mitted error is not making this distinction clear in the
instructions given to the jury. An instruction that
fraud must be proved by a preponderance of the evi-
dence has been held sufficient, so long as nothing is
added tending to minimize the quantity of evidence
necessary to overcome the presumption of good faith
and fair dealing. (*Tanton v. Martin,* 80 Kan. 22, 101
Pac. 461.) Here the jury were given the usual in-
struction to the effect that the plaintiff was entitled
to recover if there was a preponderance of evidence in
her favor. But they were also told that the preponder-
ance did not need to be great—that it was sufficient if
it just barely preponderated. Such an addition has

been held to constitute prejudicial error. (*Bank v. Reid,* 86 Kan. 245, 120 Pac. 339.) The judgment must therefore be reversed, unless that result is avoided by this language, used elsewhere in the charge:

"If the claim made by either party is unusual, unnatural or out of the ordinary course of affairs you are not required to take the same for granted upon slight proof, nor should you so find except upon evidence of a reliable character and which satisfies the mind."

While a more explicit statement of the rule applicable to the proof of fraud might well have been made, we think the objectionable part of the instruction must be regarded as so far modified by the sentence quoted as not to require the setting aside of a verdict, in the absence of anything further to suggest a probability that the jury were actually misled.

The negotiations leading up to the contract between the parties were begun by a letter which was written by the defendants in response to an advertisement inserted by the plaintiff in a newspaper, and which reached her through that channel. A second letter was written directly to her. At the trial the defendants produced two documents, each written upon two sheets of their letter-heads, which they asserted to be these original letters. The plaintiff testified that the second sheet of those offered as constituting the second letter was not genuine, and she called attention to its fresh appearance as indicating that a substitution had been made. She also denied the genuineness of what the defendants asserted to be the first letter, which she testified was written upon a single sheet. According to the documents produced by the defendants, the first page of the first letter and the second page of the second bore the statement that the property was rented for six dollars a month. The plaintiff's claim is based upon the contention that she was deceived into the belief that the rental was fifteen dollars a month.

Therefore if either of the letters produced at the trial is genuine it is fatal to her recovery. The jury evidently believed that they were spurious.

The motion for a new trial on the ground of newly discovered evidence was based, in part, upon two affidavits that the plaintiff's reputation for truth and veracity was bad. "New trials should not be granted generally for the purpose of producing impeaching evidence." (*The State v. Lackey*, 72 Kan. 95, 98, 82 Pac. 527.) But there was also presented an affidavit of the advertising manager of the newspaper in which the plaintiff's advertisement was published identifying as the original letter sent by the defendants the document introduced in evidence. The reason given by the defendants for not having produced this witness at the trial is that they had not anticipated that the plaintiff would dispute the genuineness of the letter. This may not be a complete excuse, for it was only by such denial that the plaintiff could sustain her case. Nevertheless, it explains the omission, and since the whole controversy turns upon a question of veracity between the parties, we think the testimony of a disinterested third person upon the vital matter in issue is of such obvious importance that it should be received and considered, since it can be had. The affidavit of the advertising manager states that the document introduced at the trial is the letter which was received by the paper, "identified also by the number 20,893, on the back of the letter." The implication seems to be that the figures were placed upon the letter by the witness, or by some one with whose writing he is familiar, in which case his identification of at least the second sheet of the letter would be most convincing. With respect to this letter, the plaintiff's contention at the former trial was not that a substitution had been made for the first sheet, but that neither of the proffered sheets was genuine, because the original instrument

had consisted of but one. In this situation the testimony of the newspaper man is so important that we think justice requires that the defendants should have the benefit of it.

The judgment is reversed and a new trial ordered.