J. O. HOCKETT, *Appellee,* v. W. L. EARL et al.,
*Appellants.*

No. 17,882.

SYLLABUS BY THE COURT.

1. DEED—*Absolute in Form—Whether a Mortgage—Question of Fact.* Upon the question whether a general warranty deed was given and accepted as security for a debt, or as an absolute conveyance, findings of a jury upon conflicting evidence, approved by the court, are final, unless they should be set aside for erroneous rulings prejudicially affecting the substantial rights of the losing party.

2. ——— *Action to Have Deed Declared Mortgage—No Jury as of Right.* An action brought by the grantor in a deed of general warranty to have the deed declared to be a mortgage and to redeem therefrom is equitable in character, and neither party is entitled to a general verdict as a matter of right.

3. INSTRUCTIONS—*Proof Required—Preponderance of Evidence.* An instruction that in answering questions pertinent to the issues above referred to, the burden of proving the truth of the allegations of the petition by the greater weight of the evidence is upon the plaintiff and that a finding can not be made in his favor unless established by the preponderance of the evidence, if erroneous at all, did not prejudicially affect the substantial rights of the defendants.

Appeal from Jewell district court. Opinion filed June 7, 1913. Affirmed.

*F. W. Mahin, I. M. Mahin, W. E. Mahin,* all of Smith Center, and *C. V. Eberstein,* of Kensington, for the appellants.

*J. T. Reed,* of San Diego, Cal., and *E. P. Sample,* of Osborne, for the appellee.

The opinion of the court was delivered by

BENSON, J.: The principal question upon this appeal is whether a warranty deed made by the plaintiff to defendant Earl was intended as a mortgage or as an

absolute conveyance. The evidence upon this issue was in sharp conflict. The finding was for the plaintiff. In this situation the conclusion of the district court is final, unless it should be set aside for erroneous rulings affecting the substantial rights of the defendant.

A jury was called upon request of the plaintiff to make findings upon particular questions of fact. While the jury were being impaneled the defendants' attorney remarked that he was not sure that the case was not one in which a general verdict should be returned but made no request for a general submission of the issues. In giving the instructions the court informed the jury that they had been called to answer questions then submitted to them. Each party proposed questions for the jury but neither asked for a general verdict.

The questions submitted to the jury fairly presented the issues of fact arising upon the pleadings. The jury found by their answers that the deed in question was not intended as an absolute conveyance but as security for a debt owing by the plaintiff to defendant Earl. After the findings had been received and the jury discharged, defendant Earl filed a motion to set aside the findings upon the grounds that they were contrary to law and not supported by the evidence. The motion was overruled, and in due time a motion for a new trial was filed based upon several grounds, among others, that the court erred "in failing and refusing to submit a general verdict to the jury." It is insisted that in the absence of an affirmative waiver the court was bound to require a general verdict. The general rule, however, is that the waiver may be inferred from any conduct or acquiescence inconsistent with an intention to insist upon a jury trial. (*Cunningham v. City of Iola,* 86 Kan. 86, 92, 119 Pac. 317.) The question of waiver, however, need not be decided for a jury trial was not a matter of right. This is an action to have the deed declared a mortgage and to redeem therefrom. The parties stipulated the amount of the debt

due from the plaintiff to the defendant in case the jury should find that the deed was given as security and there was no question for a jury upon that matter. The action is equitable in character and neither party was entitled to a general verdict as a matter of right. (*Kimball and others v. Connor, Starks and others,* 3 Kan. 414; *Larkin v. Wilson,* 28 Kan. 513; *Woodman v. Davis,* 32 Kan. 344, 4 Pac. 262; *Hospital Co. v. Philippi,* 82 Kan. 64, 107 Pac. 530; *Butts v. Butts,* 84 Kan. 475, 114 Pac. 1048; *Bank v. Kackley,* 88 Kan. 70, 127 Pac. 539; *Akins v. Holmes,* post.)

The jury were instructed that "the burden of proving by the greater weight of the evidence, the truth of the alleged matters upon which he relies for a recovery rests on the plaintiff," and that a finding could not be made in his favor upon such matters unless established by the greater weight of the evidence. The material allegations referred to were that the plaintiff borrowed the amount expressed as the consideration in the deed and that the deed was delivered and accepted to secure the payment of the indebtedness so created.

The criticism of the instruction is that the rule of preponderance as applied in this case is not correct; that to establish the fact that an instrument purporting to be an absolute conveyance is only a mortgage a higher degree of proof is required. In *Winston v. Burnell,* 44 Kan. 367, 24 Pac. 477, an instruction that there must be a clear preponderance of evidence was commented on and approved, and it was said that generally a bare preponderance was insufficient in such a case. In an action to set aside a written contract on the ground that a party was fraudulently induced to execute it it was held in *Insurance Co. v. Rammelsberg,* 58 Kan. 531, 50 Pac. 446, that an instruction that the preponderance need only be slight, with some accompanying qualifications, was erroneous. In a case of the same character it was held that an instruction was incorrect which declared that a bare preponderance was

sufficient. (*Bank v. Reid*, 86 Kan. 245, 120 Pac. 339.) In *Tanton v. Martin*, 80 Kan. 22, 101 Pac. 461, a case involving the charge that a party had been induced to sign a written contract by fraudulent representations, it was held that:

"A charge of fraud may be established by a preponderance of the evidence. The preponderance which overcomes the presumption of honesty and innocence and all opposing evidence, and is such as will lead a reasonable man to the conclusion that fraud exists, meets the requirements of the law." (Syl. ¶ 2.)

In the opinion it was said:

"It is sometimes said that proof of fraud must be clear and convincing, or strong and satisfactory, but this is no more than a preponderance, and that is all that the law requires. Courts sometimes disapprove of instructions which minimize the quantity of evidence necessary to repel the presumption of innocence and establish fraud . . . but a preponderance which satisfactorily establishes the fraud meets the requirements of the law." (p. 24.)

The case last cited is referred to in *Herrald v. Paris*, ante, p. 131, 130 Pac. 684, which was also an action involving allegations of fraud. It was there held that an instruction that the plaintiff might recover upon a bare preponderance of the evidence was so far modified by other language that the verdict should not be set aside in the absence of anything further to indicate that the jury had been misled.

It appears from these cases that instructions which declare that a slight or bare preponderance is sufficient to sustain claims of this nature are disapproved because they minimize the effect of the written instrument, or convey a suggestion that it is unimportant. Without these objectionable adjectives the jury, prompted by a just sense of relative importance, acquired by general knowledge, observation and experience, will ordinarily give due weight to a written instrument and not allow it to be overborne unless satisfied from all the evidence

Hockett v. Earl.

that it was intended for a purpose beyond that apparent upon its face.

The use of the term "preponderance of evidence" without any magnifying or minimizing qualification suggests to a mind of average intelligence the degree of proof required in a case of this character. Manifestly the parol proof will not preponderate against the writing unless it convinces the jury, and if the jury are convinced by competent evidence, after just examination and comparison, the proof is sufficient. As a practical matter the omission of the adjectives clear, convincing, satisfying, or the like, is not of vital importance if no minimizing expressions are used. But even if it should be held that the term clear preponderance, or a term of like import, should still be used in giving instructions in a proper case, the omission here was not erroneous for two reasons. First, the evidence of the plaintiff was not entirely oral. A writing signed by defendant Earl was produced which, if not a technical defeasance, was at least persuasively corroborative of the plaintiff's version of the transaction. Second, the instructions related only to constituent findings upon an issue, which was decided by the court. The findings were only advisory, but they were sustained by the evidence and were approved by the court. It does not appear that any failure to emphasize the degree of proof required prejudicially affected the substantial rights of the defendants.

The defendants assign error upon the refusal to submit to the jury several questions presented by them, and in refusing requests for further instructions. The questions submitted, however, fairly presented all the material issues, and the instructions correctly informed the jury of all matters of law necessary for the proper discharge of their duty.

The judgment is affirmed.