### No. 21,566.

A. J. MEYERS and EDITH V. MEYERS, *Appellees,* v. THE ACME IRON COMPANY et al. (J. T. WOOLSEY, *Appellant*).

#### SYLLABUS BY THE COURT.

1. SALE—*Corporate Stock—False Representations—Evidence—Findings.* In an action for damages for fraud in the sale of property, the evidence is held sufficient to sustain findings that actionable false representations were made by the defendant.

2. SAME. In such an action there is a *prima facie* presumption that if the property had been as represented it would have been worth the amount paid for it.

3. SAME — *Fraud — Presumptions — Instructions.* The giving of an instruction that fraud is never presumed, but must be proved like any other fact in the case, namely, by a preponderance of the evidence, and

the refusal of an instruction that fraud cannot be found from mere conjecture and inference, but must be clearly proven, are held upon the entire record not to require a reversal.

4. TRIAL—*No Material Error Disclosed.* Various rulings held not to constitute material error.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. McCAMISH, judge.. Opinion filed July 6, 1918. Affirmed.

*J. O. Emerson,* and *David J. Smith,* both of Kansas City, for the appellant.

*David F. Carson,* of Kansas City, for the appellees.

The opinion of the court was delivered by

MASON, J.: A. J. Meyers bought ten shares of stock of the Acme Iron Company for $1,000. He brought an action against its president, J. T. Woolsey, on the ground that the purchase had been induced by his false and fraudulent representations. The plaintiff recovered a judgment, and the defendant appeals.

1. The defendant maintains that there was no evidence whatever of the making of any actionable false representations. We regard the contention as not well taken. A device which was handled by the company had not been patented at the time of the purchase of the stock, although an application was then pending, and a patent was afterwards granted. There was evidence sufficient to sustain a finding that the defendant represented that the patent had already been issued. It is true that a part of the testimony of the plaintiff seemed to indicate that he knew the application for the patent was still pending, but it is possible that he was referring to some other device, and in any event it was the province of the jury to resolve any conflict and determine the net effect of the evidence. (*Acker v. Norman,* 72 Kan. 586, 84 Pac. 531.) The fact that the patent was afterwards granted may have had some bearing upon the extent of the injury suffered, but could not prevent the false representation from amounting to a fraud.

The evidence also justified a finding that the defendant had represented that the stock of the company was fully paid up in cash, whereas it was issued for patents pending, legal services, and good will. The matter was obviously material. The point

is made that the representation charged in the petition was, not that the stock had been paid up in cash, but merely that it was fully paid up. In alleging the falsity of the representation, however, the pleading said that the stock had not been paid up in cash or in any other valuable thing, but was subscribed in good will, legal services and pending patents. This seems sufficient to present the issue, but, if not, the petition may be regarded as amended.

The evidence further warranted a finding that a false representation had been made that 147 of the machines handled by the company had been sold. The defendant claims that the making of such a representation is negatived by the fact that the jury returned affirmative answers to questions submitted by him, asking whether he had represented to the plaintiff that two machines had been installed, and that if these proved satisfactory the purchaser intended using 147 of them. A construction of these answers which is reasonable and consistent with the verdict, and which we are therefore required to adopt if necessary to uphold the judgment, is that the jury meant that after the stock had been purchased the defendant, in justification or explanation of what he had previously said, told the plaintiff that two machines had been placed and that 147 would be if these proved satisfactory.

We regard it as unnecessary to comment on any of the six other representations alleged, as we deem those already mentioned sufficient to uphold the verdict.

2. The defendant urges that no evidence was introduced showing what the stock would have been worth if the representations made had been true, and that, therefore, no recovery can be had, because the measure of damages is the difference between that amount and the true value of the property. "The price paid for the property should be taken as strong but not conclusive evidence of what its value would have been if as represented." (12 R. C. L. 453.)

3. The court instructed that the burden of proof was on the plaintiff to establish the allegations of his petition by a preponderance of the evidence, and that by this was meant the evidence which was most satisfactory and convincing to the minds of the jury, and which the jury should accept and believe as being worthy of the greatest consideration and weight, in the

light of all the circumstances disclosed. An instruction was also given reading:

"Fraud and deceit are never presumed, but must be proved like any other fact in the case; namely, by a preponderance of the evidence. It is not necessary that the evidence be direct and positive, but fraud may be proved by circumstantial evidence."

The defendant made a request for the following instruction, and complains of its refusal:

"You are instructed that you cannot find the defendant falsely or fraudulently made representations to A. J. Meyers from mere conjecture or mere inference. Fraud must be clearly proven and the burden of proof is on the plaintiff to establish that fact."

Even on the issue of fraud the omission to give any instruction relative to the burden of proof other than the usual one to the effect that a recovery should be based on a perponderance of the evidence is ordinarily not regarded as material error (*Hockett v. Earl,* 89 Kan. 733, 133 Pac. 852), although under exceptional circumstances it has been held to require a reversal. (*Fritts v. Reidel,* 101 Kan. 68, 165 Pac. 671.) We think the instruction here requested was open to criticism as adapted to give the impression that circumstantial evidence was not a sufficient basis for a finding of fraud, and that the statement in the charge of the court that fraud is not presumed, but must be proved like any other fact in the case, is not such a minimizing of the degree of proof as to justify setting aside the verdict.

4. An instruction is criticised because seeming to allow a recovery on any one of the representations alleged, some of which it is contended were mere matters of opinion and, considered alone, would not sustain a recovery. We think it reasonably clear that the verdict was based upon the jury's resolving the substantial controversy between the parties in favor of the plaintiff.

An allowance was made to the plaintiff on account of services he had performed and a room he had furnished, after purchasing the stock. It is contended that there was no evidence of these matters having been affected by the representations complained of. We think the evidence justified submitting the issue to the jury.

The plaintiff's wife was originally joined as a party with him and on that account was permitted to testify. Afterwards a

dismissal was ordered as to her, and this evidence was stricken out. The defendant complains that he suffered prejudice thereby, because the jury may have been affected by her testimony. The trial court was obviously convinced that no prejudice resulted, and its conclusion is final on such a matter.

Complaint is made of the refusal to allow the defendant to introduce in evidence a letter written by the plaintiff to a third person giving reasons for his severing connection with the defendant, in which he made no reference to the fraud alleged to have been practiced upon him. Assuming that it was admissible, we think it not of sufficient importance to justify a reversal on account of its rejection.

A new trial was asked on the ground of newly discovered evidence. We think the ruling of the trial court supportable both with regard to diligence and the character of testimony. Other assignments of error are not thought to require separate mention; for the most part they turn upon the effect of the evidence.

The judgment is affirmed.