No. 22,823.

THE STATE OF KANSAS, *Appellee*, v. ABRAHAM WALLACE, *Appellant*.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*New Trial—Newly Discovered Evidence.* The rule is followed that new trials will not be granted for newly discovered evidence merely of an impeaching character.

2. SAME—*New Trial—Excluded Evidence—Evidence Not in Record.* Objections to certain questions were sustained. No offer or showing as to what the witness would have said was made. *Held*, no error.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed February 11, 1922. Affirmed.

*W. A. S. Bird,* and *Elisha Scott,* both of Topeka, for the appellant.

*Richard J. Hopkins,* attorney-general, *Tinkham Veale,* county attorney, and *R. H. Gaw,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

WEST, J.: The defendant was convicted of statutory rape upon a fourteen-year-old girl living at his house, and appeals. The assignments of error are, denial of a new trial on the ground of newly discovered evidence, giving improper instructions, withdrawing from the consideration of the jury certain testimony, and failing properly to consider certain affidavits in support of the motion for a new trial.

The girl told a detailed story of numerous offenses committed by the defendant. The affidavits offered on the hearing of the motion for a new trial were all to the effect that she is unworthy of belief. The rule is that new trials are not to be granted on newly discovered evidence even when proper diligence is shown, when such evidence is merely impeaching. (*The State v. Lackey,* 72 Kan. 95, 82 Pac. 527, and cases cited; *Herrald v. Paris,* 89 Kan. 131, 130 Pac. 684; *The State v. Miller,* 90 Kan. 230, syl. ¶ 9, 244, 133 Pac. 878.)

Touching the complaint about the exclusion or withdrawal of certain evidence, all the abstract shows is that a witness was asked if she heard the prosecuting witness speak of a certain boy and what she said about him. To these questions objections were sustained. No offer to prove was made, and no showing as to what the witness would have said if permitted to answer, was presented on the hearing of the motion for a new trial; hence, under the familiar rule, no error can be found in sustaining the objections to these questions. Even if the witness had been permitted to say that the girl spoke

about the boy and laid her trouble on him, it could have been competent only as laying a foundation for her impeachment in case she came back on the stand and denied making such statements. So it is readily seen that an incursion into far regions might have been started—regions too remote for investigation in this trial.

The record before us does not show whether or not any dispute or denial of the girl's testimony was made. It must be that the jury believed her testimony or enough of it to be convinced of the defendant's guilt, and the record brings nothing to our view to impair the justness of their conclusion.

There is nothing to indicate that the impeaching evidence could not have been procured before the trial was concluded, and indeed it may be fairly inferred that it could have been obtained in due time by slight diligence. In lawsuits time is often of the essence of endeavors to get all the facts before the jury, and when one is on trial on so grave a charge it behooves him to be alert in his own behalf "while it is called to-day." His somnolence or inactivity cannot be made available by an effort on the morrow to do what should have been done before the morrow came.

Finding no error in the proceedings, the judgment is affirmed.