No. 24,699.

STATE OF KANSAS, *Appellee*, v. NEV SMITH and BERT SMITH, *Appellants*.

SYLLABUS BY THE COURT.

1. EVIDENCE—*Cross-examination of Witness on Collateral Matters—Impeaching Evidence.* Rule followed, that on cross-examination a witness may be interrogated concerning his past conduct and character, for the purpose of impairing his credibility, and as to specific acts which tend to discredit him, although such acts may be irrelevant and collateral to the principal controversy in the case.

2. CRIMINAL LAW—*Failure of Wife to Testify—Reference Thereto by County Attorney—When Reversible Error.* Also, that although, in an argument to the jury in a criminal action, it is error for the county attorney to refer to the fact that the defendant's wife did not testify, before a judgment of conviction will be reversed, it must appear that some substantial right of the defendant was affected by the error.

3. SAME—*Motion for New Trial—Newly Discovered Evidence.* Also, that a new trial should not be allowed on the ground of newly discovered evidence, when such evidence appears to be competent only for the purpose of impeaching the witnesses of the opposite party, or when it is merely cumulative.

4. SAME—*Instructions.* The instructions examined and found to have fairly stated the issues.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed July 7, 1923. Affirmed.

*J. Willard Ward,* and *Dempster O. Potts,* both of Wichita, for the appellants.

*Charles B. Griffith,* attorney-general, *W. A. Blake,* county attorney, *H. C. Castor,* and *John W. Wood,* deputy county attorneys, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The defendants were convicted of robbery, and appeal.

It was charged, in substance, that on the 24th of March, 1922, the defendants made an assault by pointing a revolver at H. E. White, and demanded that he throw up his hands, and, by force and violence, robbed him of personal property, consisting of $65 in money and a .44 calibre revolver.

The testimony showed that the complaining witness, H. E. White, while accompanied by his brother-in-law and their respective wives,

was held up and robbed on a country road some five or six miles out of Wichita, in the direction of Udall; that White resided in El Reno, Okla., to which place he had started from Wichita about seven o'clock on the day of the robbery; that the defendants were driving a Studebaker car; that when the hold-up took place Mrs. White said, "Mister, this is the first time in my life I was ever held up and I always wanted to see a real live highjacker," and he laughed and said, "With pleasure," and stood there and threw the light so that she could look at him; that complaining witness and his party drove as far as Udall and then, on account of muddy roads and bad tires, returned to Wichita.

The defendants, to prove an alibi, introduced testimony of various witnesses to show that about the time of the alleged robbery, they were in a pool hall in Wichita.

The defendants assign as error the admission and exclusion of testimony, erroneous instructions of the court with reference to the alibi, misconduct of the county attorney in the trial of the case and overruling of a motion for a new trial.

1. The defendants complain that the court erred in admitting incompetent, irrelevant and immaterial testimony by permitting the county attorney to cross-examine the witness, Hess, as to why he had quit the police department. The purpose, of course, was an attempt to discredit the testimony of the witness. It has been repeatedly held that the extent to which a witness may be cross-examined is largely in the discretion of the trial court, and that, unless prejudice is shown, or, that the court abused its discretion, there will be no reversal. On cross-examination a witness may be interrogated concerning his past conduct and character, and as to specific acts which tend to discredit him for the purpose of impairing his credibility, although such acts may be irrelevant and collateral to the principal controversy in the case. (The State v. Pugh, 75 Kan. 792, 90 Pac. 242, and cases cited.) We have examined the complaints of defendants with reference to the admission and rejection of testimony, but find nothing of a substantial nature showing any abuse of discretion by the court, or any prejudice to the rights of the defendants.

2. Defendants next complain of the 16th instruction. This instruction was as follows:

"You are further instructed that one of the defenses made by the de-

fendants in this case is what is known as an alibi, that is, that the defendants were in another place at the time of the commission of the crime. This is a proper defense, if proven; and if, in view of all the evidence, the jury have a reasonable doubt as to the presence of the defendants at the time when and the place where the crime was committed they should give the defendants the benefit of the doubt and find them not guilty. The defendants are not required to prove an alibi beyond a reasonable doubt or even by a preponderance of evidence. It is sufficient to justify an acquittal if the evidence upon that point raises a reasonable doubt of his presence at the time and place of the commission of the crime charged, if you find that a crime was committed. You will understand, also, that the attempt of the defendants to prove an alibi does not shift the burden of proof from the prosecution but that the prosecution is bound to prove his presence beyond a reasonable doubt. The testimony offered to prove this defense should be subjected, like all the evidence in the case, to rigid scrutiny, for the reason that witnesses, even when truthful, may be honestly mistaken of, or forgetful of, times and places."

The instruction was very similar to one given in the case of *The State v. Price,* 55 Kan. 610, 40 Pac. 1001. The court there said:

"This instruction, taken as a whole, did not cast on the defendant the burden of proving his absence from the place where the crime was committed, but distinctly told the jury that if they were in doubt as to his presence they should give him the benefit of that doubt. It would be hypercritical to hold this instruction erroneous merely because a disconnected portion of a sentence would be erroneous standing by itself."

3. Complaint is made of the conduct of the county attorney in the trial of the case. In his argument to the jury, the county attorney stated: "I do not know whether it was too strong for this man, Smith's, wife or not, but she surely did not take the stand to testify."

It was error for the county attorney to make the statement. The only question for our consideration now is whether the statement so made prejudiced the rights of the defendants. Section 293 of criminal procedure, being section 8215, General Statutes of 1915, is as follows:

"On an appeal, the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties."

In *State v. Peterson,* 102 Kan. 900, 171 Pac. 1153, it was said:

"Under this statute it has been repeatedly held· that to cause a reversal of a judgment in a criminal action, the error committed must affect a substantial right of the defendant. In *The State v. Brooks,* 74 Kan. 175, 85 Pac. 1013, this court said: 'To justify a reviewing court in ordering a new trial in a

criminal case because of the infraction of the statutory rule that the omission of the defendant to testify shall not be considered by the jury, it must conclusively appear that the jury or some one of them, in arriving at a verdict, gave weight to the fact that the defendant did not take the stand in his own behalf, as a circumstance tending to establish his guilt.' (Syl. ¶ 2.) This rule was followed in *The State v. Dreiling,* 95 Kan. 241, 147 Pac. 1108. In *The State v. Fleeman,* 102 Kan. 670, 171 Pac. 618, this court said: 'The code of criminal procedure was framed to supersede the common law with a more rational system. While it is defective in many respects, and in many others exhibits a conservation which contrasts strongly with its general liberality, it is distinctively modern. The tradition of the common law, however, was so strong that it came near superseding the code. In time the code was rediscovered, and it is the purpose of the court to interpret and apply it according to its true intent and spirit.' (677.) Under all the circumstances, it is highly improbable that the verdict of the jury was influenced by the remark of the county attorney. It does not appear that the jury was so influenced and, therefore, the judgment will not be reversed." (p. 902.)

In the instant case, upon objection, the remark of the county attorney was immediately withdrawn from the consideration of the jury both by the county attorney and by the court. It is not shown, and does not appear at all probable that any prejudice resulted to the defendants because of the erroneous statement.

4. Error is claimed by the defendants because the court refused to grant a new trial on account of newly discovered evidence. The newly discovered evidence, as shown by a number of affidavits was evidence going only to the credibility of the complaining witness, White. This court has held in a number of cases that a new trial should not be allowed when such evidence appears to be competent only for the purpose of impeaching witnesses of the opposite party.

In *The State v. Lackey,* 72 Kan. 95, 82 Pac. 527, it was said:

"A new trial should not be allowed on the ground of newly discovered evidence when such evidence appears to be competent only for the purpose of impeaching the witnesses of the opposite party or when it is merely cumulative." (Syl. ¶ 3; see, also, *The State v. Wallace,* 110 Kan. 565; *The State v. Stickney,* 53 Kan. 308, 36 Pac. 714; *The State v. Smith,* 35 Kan. 618, 11 Pac. 908; *Clark v. Norman,* 24 Kan. 515.)

In the opinion it was said:

"The granting or refusal of a new trial is largely within the discretion of the trial court. The court sees and hears the witnesses, and has a better opportunity to know whether justice has been done than this court can have, and its ruling on such a motion has something of the standing of a finding of fact deduced from conflicting evidence and should not be disturbed except for error of law or for a manifest disregard of facts amounting to an abuse of

discretion. (*City of Sedan v. Church,* 29 Kan. 190; *Investment Co. v. Hillyer,* 50 Kan. 446, 31 Pac. 1064; *Shepard v. Lynch,* 26 Kan. 377.)" (p. 99.)

We find no reversible error. The judgment is affirmed.

HARVEY, J.: (dissenting): I dissent from the second paragraph of the syllabus and the corresponding portion of the opinion. Section 8130, of the General Statutes of 1915, provides:

"That the neglect or refusal of the person on trial to testify, or of a wife· to testify on behalf of her husband, shall not raise any presumption of guilt, nor shall that circumstance be referred to by an attorney prosecuting in the case, nor shall the same be considered by the court or jury before whom the trial takes place."

The statement of the prosecuting attorney in this case was a direct violation of this statute. There is no practical method of weighing the effect of a statement of this kind upon the jury. The jurors cannot be called as witnesses for the purpose of showing what they considered in arriving at their verdict. Hence, the effect of the rule laid down in the second syllabus is to permit the prosecuting attorney to violate this statute with impunity. It is my judgment that respect for law is not obtained by permitting its open and deliberate violation by officials whose duty it is to enforce it.