No. 28,348.

THE STATE OF KANSAS, *Appellee,* v. CALVIN ICE, *Appellant.*

(272 Pac. 110.)

Opin-
ion filed December 8, 1928.

*F. B. Dodds,* of Lawrence, for the appellant.

*William A. Smith,* attorney-general, *Jesse A. Hall,* county attorney, *James B. Kelsey,* assistant county attorney, and *John A. McLoughlin,* deputy county attorney, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The defendant in this case was convicted of grand larceny, and appeals, alleging error of the trial court in refusing to grant a new trial for misconduct of the prosecuting attorney and on account of newly discovered evidence, which the defendant with diligence was unable to procure for the trial.

The misconduct of which complaint is made was, first, the making of statements by the county attorney in his argument to the jury with reference to the defendant being a bad character who was wanted by the officers of Douglas county, which statements were calculated to produce passion and prejudice in the minds of the

jurors. The record does not show what, if any, objection was interposed to such statement when they were being made nor the ruling of the court thereon. There is no showing that it produced a prejudice against the defendant, but we are left to infer that it did. The exact language is not given. A reviewing court cannot from this limited showing say such statements were prejudicial.

"Certain language used by one of the prosecuting attorneys in which he expressed his personal opinion as to the guilt of the defendant is not deemed to be such as to require the setting aside of the verdict." (*State v. Killion,* 95 Kan. 371, syl. ¶ 10, 148 Pac. 643.)

"Language used by the county attorney in addressing a jury, though somewhat improper, will not be deemed materially prejudicial unless such as fairly to lead to the conclusion that the jury were thereby swerved from the performance of their duty." (*State v. Briggs,* 94 Kan. 92, syl. ¶ 4, 145 Pac. 866.)

"A remark by the county attorney as to a matter not in evidence, although irregular, is not a ground of reversal where it does not appear to have prejudiced the defendant or affected his substantial rights." (*State v. Brecheison,* 117 Kan. 542, syl. ¶ 2, 232 Pac. 244.)

The further misconduct charged to the county attorney was leading opposing counsel to believe that a certain witness had been subpœnaed, and in having actually subpœnaed another witness, both of whom failed to appear at the trial; and because of their absence the defendant was unable to use them as witnesses. Defendant says he relied upon their being present, and when they were not available he was deprived of their testimony by accident and surprise. It has never been the rule in this state that a defendant could rely upon the presence of witnesses called by the state, for, although regularly subpœnaed and actually in the court room, they may be excused by the party calling them. The defendant should have arranged to have present the witnesses whom he expected to use, without depending upon the state for that purpose, and he will not be entitled to a new trial or reversal because of their absence when he relied upon the state to have them present.

"If the defendant desires to rely upon the attendance of witnesses under subpœna by the state, he may notify them and the court of such fact, or may cause them to be subpœnaed in his own behalf. He has no right to rely upon the attendance of a witness merely because the state may have caused a subpœna to issue for such witness." (*State v. Campbell,* 73 Kan. 688, syl. ¶ 13, 85 Pac. 784.)

One of these witnesses was the stenographer who took the testimony at the preliminary hearing and made a transcript of it. The

record does not show any request for delay to have her identify the transcript or any attempt to introduce the evidence taken at the preliminary hearing. Without an effort having been made to procure this testimony for the trial, or a refusal of the court to afford an opportunity to obtain it, there is nothing here to review. The testimony of the other witness is claimed to be newly discovered, although his name was mentioned at the trial and his presence there was expected by the defendant.

The appellant insists that the testimony of the witness last mentioned and that of four others was newly discovered and material to the issues, which testimony with diligence he was unable to procure at the time of the trial. The two girls who are said to have overheard the two boys who testified for the state planning and agreeing "to throw it on" the defendant, would be furnishing cumulative evidence if they so testified, because Fred Ottinger, one of the witnesses for the defense, said that one of these boys told him "if he did get caught he was going to kick it off onto Calvin Ice." The witness who was supposed by the defendant to have been subpœnaed is said to be able to furnish newly discovered evidence on three points. One was to contradict one of the boys who said he was finding a buyer for a horse this witness had for sale. He testified before the trial judge on the hearing of the motion for new trial, and in cross-examination substantially confirmed the boy's story about the sale of the horse.

The other two points were about the condition of the roads on the night of February 2, and that the two boys were in the car alone, and the defendant was not with them. The other two witnesses testified, or it was said they would testify, to the same effect about the defendant not being with the two boys in the car on the night of February 2; and they all testify as to the condition of the roads. Several of the witnesses on the trial spoke of the condition of the roads, differing in degree as to the mud. Any more testimony would be cumulative. All such testimony was immaterial except to impeach the boys who said it was so muddy they had difficulty getting up a hill. Not less than three witnesses testified on the trial that the defendant was not with the boys that night on that trip. This offered testimony could not be other than cumulative and impeaching and therefore is not a basis for a new trial.

It appears some of the witnesses gave the date of the theft as February 1 at the preliminary hearing, and at the trial February 2.

This is urged as a serious discrepancy, especially when one of the defenses was an alibi. The complaint and information gave the date as the second.

We see nothing to indicate that the defendant has not had a fair trial. The newly discovered evidence is not of the nature and kind to justify the granting of a new trial; neither does it indicate that with it a different result would be obtained. On the contrary, the trial court evidently thought the newly discovered evidence would not change the result.

"A new trial should not be allowed on the ground of newly discovered evidence when such evidence appears to be competent only for the purpose of impeaching the witnesses of the opposite party or when it is merely cumulative." (*State v. Lackey,* 72 Kan. 95, syl. ¶ 3, 82 Pac. 527.)

"Motions for new trial on the ground of newly discovered evidence, when not supported by a sufficient showing of diligence, and when such evidence is cumulative or merely contradictory of that already given, may properly be denied." (*State v. Miller,* 90 Kan. 230, syl. ¶ 9, 133 Pac. 878.)

"A new trial should not be granted because of newly discovered evidence unless it is material and such as leads the court to think that it would probably produce a different verdict." (*State v. Nordmark,* 84 Kan. 628, syl. ¶ 5, 114 Pac. 1068. See, also, *State v. Wallace,* 110 Kan. 565, 204 Pac. 533; *State v. Smith,* 114 Kan. 186, 217 Pac. 307; *State v. Harris,* 126 Kan. 710, 271 Pac. 316.)

The judgment is affirmed.