[Civ. No. 12139. Second Appellate District, Division Two.—June 13, 1939.]

MARY A. FLEMING, Respondent, v. THEODORA L. FLEMING, as Executrix, etc., Appellant.

[Civ. No. 12140. Second Appellate District, Division Two.—June 13, 1939.]

MARY A. FLEMING, Respondent, v. THEODORA L. FLEMING, as Executrix, etc., Appellant.

Henry M. Lee for Appellant.

Newby & Newby, John T. Gose and George B. Gose for Respondent.

WOOD, Acting P. J.—Two claims were filed against the estate of William T. Fleming, who died on September 20, 1936. The claims were rejected by the administratrix and actions thereon were filed. The actions were consolidated for the purpose of trial and judgments rendered for the respective plaintiffs. The administratrix has appealed from the judgments.

In the first action it was established that decedent executed a promissory note on July 1, 1930, in the sum of $8,100 in favor of Sylvia B. Patterson and Lillian B. Patterson. The consideration for the execution of the note was money loaned by Sylvia and Lillian Patterson and Mary A. Fleming. In the year 1931 decedent paid $5,000 to the holders of the note and executed a new note in the sum of $3,100 payable to Sylvia and Lillian Patterson in joint tenancy. In April, 1933, the note for $3,100 was renewed. On April 1, 1935, decedent executed a note in favor of Lillian Patterson and Mary A. Fleming as joint tenants in the sum of $3,100, which note was given in payment and satisfaction of the prior note executed in April, 1933. Mary A. Fleming was made joint payee in place of Sylvia B. Patterson by agreement of all the parties interested. Sylvia B. Patterson has since died and her estate has been distributed to Lillian B. Patterson as sole heir. After the appeal was perfected Lillian B. Patterson died and Mary A. Fleming has been substituted as sole plaintiff.

The second action is based upon advances made by Mary A. Fleming to decedent for the education of his son, the debt

being acknowledged by decedent by an instrument in writing. Mary A. Fleming and decedent were two of the heirs of Margaret Fleming, deceased, the executors of the last will of Margaret Fleming being Mary A. Fleming and Edward J. Fleming. On November 2, 1931, decedent entered into an agreement with the executors of the will of Margaret Fleming whereby he agreed that any advances made to him from the funds of the estate of Margaret Fleming should be charged against decedent and taken from his distributive share in the estate. Similar agreements were made by other heirs. By November 22, 1933, the sum of $8,645.35 had been advanced to decedent but at that time Edward J. Fleming, one of the co-executors, objected to any further advances to decedent, whereupon Mary A. Fleming authorized the reduction of the advances theretofore made to decedent from the sum of $8,645.35 to the sum of $5,824.35, by deducting the sum of $2,821 from the account of decedent and charging the sum of $2,821 to the account of Mary A. Fleming. Thereupon the sum of $2,821 was charged to Mary A. Fleming on the books of the estate of Margaret Fleming and was credited to the account of decedent. On March 22, 1935, decedent and Mary A. Fleming entered into an agreement in writing whereby decedent acknowledged an indebtedness to Mary A. Fleming in the sum of $2,821, assigned to her an interest in the estate of Margaret Fleming in the sum of $2,821, and directed the executors of the estate of Margaret Fleming to reimburse Mary A. Fleming from his part of the estate. In the distribution of the estate of Margaret Fleming the sum of $2,821 was not deducted from the share of decedent, nor was Mary A. Fleming paid in whole or in part for the advances which she had made for the account of decedent.

The same defenses were presented to both causes of action. It was alleged by the administratrix that decedent was not of sound mind at the time of the execution of the two instruments which are relied upon by plaintiffs; that the execution of the instruments was brought about by the undue influence of Mary A. Fleming; and that they were without consideration. The trial court found in favor of plaintiffs on all of these issues.

The record discloses a marked conflict in the evidence concerning the mental capacity of decedent in the months of March and April of 1935. A number of witnesses testified that decedent was then of sound mind and a number of wit-

nesses testified that he was not of sound mind. The finding of the trial court is sustained by ample evidence and is binding upon the reviewing court. ■ The finding of the trial court on the subject of the alleged undue influence of Mary A. Fleming is also sustained by the evidence. Indeed, there is not sufficient evidence of the exercise of undue influence to justify a finding in line with the allegations of defendant.

■ The finding that the claims were not without consideration must also be sustained. The original note was given for money loaned. It is presumed that the promissory note sued upon was given for a sufficient consideration. (Code Civ. Proc., sec. 1963, subd. 21.) This presumption is sufficient to support a finding that there was a consideration. (*Keating* v. *Morrissey,* 6 Cal. App. 163 [91 Pac. 677].) The cancellation and surrender of the unpaid notes constituted sufficient consideration for the new note. ■ The criticism that Mary A. Fleming surrendered the note in which the payees named were Sylvia and Lillian Patterson and received a new note in which the payees were Lillian Patterson and Mary A. Fleming cannot aid defendant, since it was shown in evidence that the action of Mary A. Fleming in so doing was authorized by Sylvia and Lillian Patterson. A formal assignment of the note in writing was not necessary. (*Shoenhair* v. *Jones,* 33 Cal. App. 545 [165 Pac. 671].) ■ The claim for $2,821 must also be upheld as based upon sufficient consideration. This sum was advanced to decedent at his instance and request and decedent became liable for its repayment to Mary A. Fleming. The trial court found upon sufficient evidence that Mary A. Fleming did not intend that the advances should constitute a gift. The later document acknowledged the debt and directed payment to plaintiff from the distributive share of the decedent in the estate of Margaret Fleming.

The judgments are affirmed.

McComb, J., concurred.