THE STATE OF KANSAS v. PERRY McNEIL.

No. 11116.

SEPARATION OF JURY—*to go to dinner, permissible after final submission of criminal case.* After the final submission of a criminal cause the court may permit a separation of the jury for a necessary purpose. *Madden v. The State* (1 Kan. 321), distinguished.

Appeal from Franklin District Court. Samuel A. Riggs, Judge. Opinion filed July 8, 1898. *Affirmed.*

*L. C. Boyle*, Attorney General, and *J. B. Chapman*, County Attorney, for the State.

*Benson & Smart* and *H. P. Welsh*, for appellant.

DOSTER, C. J. The appellant was convicted of the crime of grand larceny. After the trial had closed, and the jury had spent some time in deliberation, they were brought again into the court-room and, upon being admonished as required by law, were by the court permitted to separate for an hour and a half to procure dinner. After reassembling and resuming their deliberations a verdict of guilty was found.

The defendant appeals to this court, alleging the separation of the jury as his principal claim of error. *Madden v. The State* (1 Kan. 340), is relied upon in support of the claim. In that case several members of the jury were allowed to leave the jury room and go out into the town, unattended by an officer. This was done without the order or permission of the court, and in that respect differs from the present case. This difference between the cases is vital. The Criminal Code (Gen. Stat. 1897, ch. 102, § 274) authorizes a new trial for the following cause: " When the jury has been separated *without leave of the court* after retiring to deliberate upon their verdict." The neces-

sary implication from this language is that the court may authorize a separation of the jury after the final submission of the cause. The only statutory provision from which a contrary inference might be drawn is section 237 of the Criminal Code. This section requires the jury to "retire under the charge of an officer sworn to keep them together in some private or convenient place, without food except such as the court shall order, and not permit any person to speak or communicate with them, nor do so himself unless by order of the court, or to ask them whether they have agreed upon their verdict, and return them into court, or when ordered by the court." It is contended that under this section the officer, being required to keep the jury together in some private or convenient place and to neither hold nor permit communication with them, cannot discharge the obligation of his oath if the court interferes to permit a separation. This is true, and if the section quoted were the only provision upon the subject the argument would be sound, but it is not the only one upon the subject. It must be construed in connection with section 274, and so construing them, they provide for holding the jury together by the officer in charge, except as the court may otherwise order. We think that for a necessary purpose the court may order otherwise, and that in such case it is incumbent upon the defendant to show that prejudice has resulted to him because of this separation. Prejudice was not shown in this case, nor indeed was any attempt made to show it.

Other claims of error are made. We have examined all of them. They are, however, unfounded. The judgment of the court below is affirmed.