No. 28,602.

THE STATE OF KANSAS, *Appellee*, v. ORVILLE HAINES, *Appellant*.

(278 Pac. 767.)

Opinion filed July 6, 1929.

*James G. Sheppard* and *John L. Connolly,* both of Fort Scott, for the appellant.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, *Fred W. Bayless,* county attorney, for the appellee; *Ernest E. Blincoe,* of Fort Scott, of counsel.

The opinion of the court was delivered by

MARSHALL, J.: The defendant was tried for murder in the first degree, was found guilty of murder in the second degree, was sentenced to the penitentiary for life, and appeals.

■ The defendant argues that the evidence was not sufficient to sustain the verdict. There was evidence which tended to show that Robert L. Barton and the deceased, John L. Pool, were "tramps"; that the defendant, another "tramp," met Barton and Pool on the M.-K.-T. railroad track in or near the city of Fort Scott; that they sat down near each other on the railroad track and engaged in conversation; that the defendant produced a pistol and a blackjack; that he told the other two something of the story of his life; that Pool reached down to do something with his shoe; that the defendant jumped up, demanded to know what Pool was trying to do, pointed his pistol at him, commanded him to lie down on his belly,

and threatened to "plug him"; that Pool requested the defendant not to point the pistol at him, and did not lie down; that the defendant then shot Pool in the head, but did not instantly kill him; that the defendant then commanded Barton to lie down; that Barton did so; that Pool was lying on the ground moaning; that the defendant then drew his blackjack and went to where Pool was lying; that Barton then jumped up, ran away, and immediately informed the police; and that Pool died about ten days later from the effects of the wound. That evidence, thus summarized, was given by Barton, who was the only eyewitness to the shooting except the person that did it. It is needless to say more than that the evidence amply sustained the verdict.

■ The defendant urges that the witness Barton was shown to have been of such character that he should not have been believed. He was shown to be a "tramp," and he was impeached for truth and veracity. If he told the truth the defendant was guilty. It was for the jury to say whether or not he told the truth, not for the supreme court. (*State v. Plum*, 49 Kan. 679, 31 Pac. 308; *Gray v. Delay*, 53 Kan. 177, 35 Pac. 1108; *Taylor v. Modern Woodmen*, 72 Kan. 443, 83 Pac. 1099; *State v. Nichols*, 117 Kan. 630, 633, 232 Pac. 1058; *State v. Cunningham*, 120 Kan. 430, 243 Pac. 1006.)

■ The defendant complains of the admission of the evidence of Marion Logan. His name was not indorsed on the information. He was called in rebuttal. His evidence was admitted on the theory that it was rebuttal. He testified that he was working near the place where the shooting had occurred and that he heard a report like that of a gun about 8:10 o'clock, about the time fixed by the witness Barton for the shooting to have occurred. Even if his evidence was not strictly rebuttal, it was not prejudicial error to admit it.

The third subdivision of section 62-1438 of the Revised Statutes reads:

"The parties may then respectively offer rebutting testimony only, unless the court for good reason, in furtherance of justice, permit them to offer evidence upon the original case." (See, also, *State v. Moon*, 71 Kan. 349, 80 Pac. 597; *State v. Gibbs*, 105 Kan. 52, 181 Pac. 569.)

■ The defendant complains of the court's permitting the reporter to read to the jury, on the latter's request, the statement made by counsel for the defendant concerning what a witness, who was called but was not present, would have testified to if he had been present. That statement was as follows:

"Let the record show that the witness J. A. Stanton was called; that if the witness J. A. Stanton was here he would testify that he is the regularly qualified and acting justice of the peace in Fort Scott, Kansas; that subsequent to this alleged shooting, that John L. Pool signed and swore to a complaint before the justice of the peace, naming Orville Haines in the complaint, which complaint charged him with assault with intent to kill."

After the jury had been deliberating for some time it returned to the court room and requested that the statement be read. The statement was then read, and the following occurred:

"By the Court: This statement that the reporter has read is a statement of which Judge Stanton would have testified to if present, and goes in as Judge Stanton's testimony.

"By James G. Sheppard, Esq.: But is not any admission on the part of the defendant at all.

"By the Court: Not an admission, of course, by the defendant, of the truth of the statement, but you will consider it the same as the testimony of any other witness. Was that all, gentlemen?

"By a Juror: Yes, sir.

"By the Court: All right, you may return to your jury room for further deliberations.

"James G. Sheppard, Esq. (for the defendant): To which procedure the defendant objects for the reason that such testimony, when admitted, was not agreed by the defendant to be competent, and is highly prejudicial to the defendant, and related to a proceeding in another case before said justice of the peace, different than the one on which the defendant is on trial, and because it is hearsay testimony, and because it isn't qualified as the testimony of a deceased person, and for the further reason it is highly prejudicial to the defendant and is incompetent, irrelevant and immaterial.

"By the Court: Overruled."

The statement was made to the jury by counsel for the defendant during the introduction of evidence. At that time no objection was made to the submission of that evidence to the jury. The defendant, by his counsel, should at that time have objected to the introduction of that evidence. The objection came entirely too late.

■ The defendant argues that a new trial should have been granted because of newly discovered evidence. The newly discovered evidence was that which tended to prove that about the time the shooting occurred the defendant was on the street in the city of Fort Scott. No diligence to produce the evidence was shown. There was evidence introduced which tended to prove that the defendant was in the city of Fort Scott about the time Pool was shot. In *State v. Miller*, 90 Kan. 230, 133 Pac. 878, this court declared that—

"Motions for new trial on the ground of newly discovered evidence, when not supported by a sufficient showing of diligence, and when such evidence is cumulative or merely contradictory of that already given, may properly be denied." (Syl. ¶ 9.)

See, also, *State v. Smith*, 50 Kan. 69, 31 Pac. 784; *State v. Nimerick*, 74 Kan. 658, 87 Pac. 722.

In *State v. Ice*, 127 Kan. 160, 272 Pac. 110, this court used the following language:

"The rule followed that a new trial should not ordinarily be granted because of newly discovered evidence where such evidence appears to be merely cumulative or impeaching." (Syl. ¶ 3.)

See, also, *State v. Rohrer*, 34 Kan. 427, 8 Pac. 718; *State v. Stickney*, 53 Kan. 308, 36 Pac. 714; *State v. Nordmark*, 84 Kan. 628, 114 Pac. 1068.

The newly discovered evidence was merely cumulative, which, with the fact that no diligence was shown to procure the evidence before the trial, justified the court in refusing a new trial on that ground.

■ The defendant complains of the introduction in evidence of the record of his conviction of a felony in Missouri at the time sentence was pronounced on him, not at the trial. The defendant was sentenced for life. Section 21-403 of the Revised Statutes provides that one guilty of murder in the second degree shall be punished by confinement and hard labor for not less than ten years.

Section 21-109 of the Revised Statutes reads:

"Whenever any offender is declared by law punishable, upon conviction, by confinement and hard labor for a term not less than any specified number of years, and no limit to the duration of such imprisonment or confinement is declared, the offender may be sentenced to imprisonment during his natural life, or for any number of years not less than such as are prescribed; but no person shall in any case be sentenced to confinement and hard labor for any term less than one year."

The defendant argues that chapter 191 of the Laws of 1927, the law which permits the introduction in evidence of a former conviction, is unconstitutional. Section 1 of that chapter reads:

"Every person convicted a second time of felony, the punishment of which is confinement in the penitentiary, shall be confined in the penitentiary not less than double the time of the first conviction; and if convicted a third time, of felony, he shall be confined in the penitentiary during his life. Judgment in such cases shall not be given for the increased penalty, unless the court shall find, from the record and other competent evidence, the fact of former convictions for felony committed by the prisoner in or out of this state."

Wherein that law has any effect on the present judgment the court does not at the present time see. The defendant may have been sentenced for life under section 21-403 of the Revised Statutes without any reference to chapter 191 of the Laws of 1927. However, if that statute does apply, its validity has been sustained, and the introduction of the evidence at the time sentence is pronounced has been held proper. (*State v. Woodman*, 127 Kan. 166, 272 Pac. 132.)

■ Another matter complained of was that the jury was permitted to separate over Sunday without guard. This matter is brought on the record by the affidavit of counsel for the defendant, but the record does not show that any objection was made to the separation of the jury, nor that any request was made that it be kept together. Section 62-1446 of the Revised Statutes contemplates that jurors may be permitted to separate after being impaneled. That statute reads as follows:

"When the jurors are permitted to separate after being impaneled, and at each adjournment, they must be admonished by the court that it is their duty not to converse among themselves nor suffer others to converse with them on any subject connected with the trial, or to form or express any opinion thereon until the cause is finally submitted to them."

In *State v. McNeil*, 59 Kan. 599, 53 Pac. 876, this court said:

"After the final submission of a criminal cause the court may permit a separation of the jury for a necessary purpose." (Syl.)

In that case the defendant was convicted of grand larceny. After the jury had retired for deliberation it was permitted to separate for an hour and a half to procure dinner. In that case the statute permitting the separation of jurors and the statute requiring the bailiff in charge of the jury to be sworn were construed, and it was held that the statute permits the separation of juries.

The affidavit of counsel for the defendant concerning the separation of the jury over Sunday recited:

"That public sentiment was very high and it was prejudicial to the interest of said defendant to permit said jury to separate."

Other than the foregoing statement, there is nothing to show that there was any excitement over the killing of Pool or any prejudice against the defendant. Why there should have been is not apparent. The court, in overruling the motion for a new trial, must have found contrary to the contention of the defendant. No prejudice to him appears to have resulted from the separation of the jury.

The judgment is affirmed.