(130 So. 379)

### McGILL v. ALABAMA FUEL & IRON CO.

### 7 Div. 907.

Supreme Court of Alabama.
Oct. 16, 1930.

Hugh A. Locke and Frederick V. Wells, both of Birmingham, for appellant.

Benners, Burr, McKamy & Forman, of Birmingham, for appellee.

SAYRE, J.

In her complaint appellant claimed $1,000,000 as damages for that defendant had trespassed upon her land and removed therefrom one million tons of coal. On the plea of the general issue, a jury found for defendant.

The burden of the complaint on appeal is that the jury were allowed to separate after the case had been submitted to them, and that an agent of defendant improperly approached one of the jury pending their consideration of the case.

■■ The jury, properly instructed by the court as to their conduct in respect of the case which had been submitted to them, was allowed to separate overnight and at mealtimes. This procedure was within the prudent discretion of the court, and, in the absence of proof that improper approaches were made to the jury, reversible error cannot be affirmed. Dulaney v. Burns, 218 Ala. 493, 119 So. 21.

■ Appellant, on her motion for a new trial, offered an affidavit to the effect that a juror was seen in conversation with one Birchfield during the noon hour, when the jury had separated for dinner, under circumstances indicative of a desire for privacy, and thereafter Birchfield went to the bank where he communicated with an agent of defendant. The juror was a clerk employed in the place to which he went at noon. The evidence submitted on the motion by defendant very satisfactorily shows that there was no attempt at secrecy in the meeting between Birchfield and the juror, that the matter of conversation was trivial and had no connection whatever with the matter then under submission to the jury, and that at the meeting between Birchfield and defendant's agent, old friends, nothing more significant than an interchange of greetings occurred. No witness for appellant knew anything to the contrary. It is impossible in this state of the evidence to hold that the verdict was influenced by any suggestion to the jury to the prejudice of plaintiff. And, further, the evidence adduced at the trial has been carefully considered, and produces a very decided impression that the jury's verdict was what it ought to have been.

■ The court committed no error when it allowed the defendant on cross-examination of H. L. McGill, husband of plaintiff and witness for her, to ask whether he had not during several years, before and after the alleged mining under plaintiff's land, assessed the property, from which it was alleged that defendant had taken coal, at $900—this, after the witness had testified that the seam of coal which plaintiff alleged had been mined by defendant under her land averaged eleven feet in thickness and that "one inch of coal per acre would produce a hundred tons of coal."

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.