[L. A. No. 19232.   In Bank.   June 29, 1945.]

ALICE EDWARD McDOWD, Respondent, v. PIG'N WHISTLE CORPORATION (a Corporation), Appellant.

Sidney A. Moss for Appellant.

Arthur C. Webb for Respondent.

CARTER, J.—This is an appeal from a judgment in favor of the plaintiff entered on the verdict of a jury in a negligence action. The chief contention made by appellant for reversal of the judgment is that the trial judge permitted the jurors to separate after the case was submitted to them.

The record discloses that after the case had been submitted to the jurors for their deliberation, at the request of the trial judge, they were returned to the courtroom at about 5 o'clock in the afternoon, and questioned by him as to whether they could reach a verdict. Receiving conflicting views from the jurors the judge dispersed the jury in order that they might return to their homes remarking:

"The court lately has departed from the rule that jurors may not separate at night because of the war conditions, so jurors are allowed to go to their respective homes rather than be kept together at night, because of the possibility of blackouts, air raid, and that sort of thing. So if you think there is no chance at all by working a while longer, we will continue the case until tomorrow morning." The court instructed the jury to return to their deliberations on the following morning at 9:30. The afternoon of that day they arrived at

the verdict. Defendant objected to the separation. (There is some question of the sufficiency of defendant's objection but in view of the conclusion reached herein it may be assumed to have been in proper form.)

Defendant contends that the separation without the consent of both parties constituted prejudicial error. The issue may be stated as whether in a civil case the separation of the jury over night after the submission of the case to them, standing alone, is prejudicial error requiring a reversal of the judgment. To solve that question it must first be determined *what power is vested in the trial court to permit such a separation.* To that end we must examine the statutory provisions. ■ We must start with section 611 of the Code of Civil Procedure. It reads: *"If the jury are permitted to separate, either during the trial or after the case is submitted to them,* they shall be admonished by the court that it is their duty not to converse with, or suffer themselves to be addressed by any other person, on any subject of the trial, and that it is their duty not to form or express an opinion thereon until the case is finally submitted to them.'' (Emphasis added.) The inescapable implication from that section is that the trial court has authority to separate the jury either before or *after* submission of the case to them. It refers to the jury being *permitted* to separate. The only one in a position to give such permission is the trial judge and it is contemplated that he has such power. It has been held that statutes of that character impliedly confer power on the court to separate the jury. (*United Verde Copper Co.* v. *Kovacovich,* 42 Ariz. 159 [22 P.2d 1085] ; *State* v. *McNeil,* 59 Kan. 599 [53 P. 876] ; *State* v. *Haines,* 128 Kan. 475 [278 P. 767] ; *State* v. *Howland,* 157 Kan. 11 [138 P.2d 424, 428].) ■ In absence of an authorizing statute the court may in its discretion order the separation of jurors. (*Dulaney* v. *Burns,* 218 Ala. 493 [119 So. 21] ; *Tolley* v. *Alexander,* (Mo.App.) 3 S.W.2d 1050 ; *McGill* v. *Alabama Fuel & Iron Co.,* 221 Ala. 614 [130 So. 379] ; *Hand* v. *Hill,* 167 Misc. 583 [5 N.Y.S.2d 838] ; 53 Am.Jur., Trial, § 864 ; 64 C.J. 1010 ; 16 R.C.L. 307.) ■ Section 613 of the Code of Civil Procedure reads, ''When the case is finally submitted to the jury, they may decide in court or retire for deliberation ; if they retire, they must be kept together, in some convenient place, under charge of an officer, until at least three fourths of them agree upon a verdict or are discharged by the court.'' That section interpreted in the light of the power

granted to the court by section 611, and it should be so interpreted, (*United Verde Copper Co.* v. *Kovacovich, supra; State* v. *McNeil, supra; State* v. *Haines, supra; State* v. *Howland, supra*), must mean that the jury is not to separate *on their own volition or by permission of the officer in charge.* It does not mean that the court may not order a separation. It provides that the jury must be kept together. That duty falls on the officer in charge. Hence, it is concerned with his duties rather than the power of the court to direct a separation. It follows therefore that it was not error for the court to exercise its discretion and separate the jury inasmuch as it had the authority to do so.

The court having power to permit a temporary separation, the question is whether or not there has been an abuse of that power, and also the analogous question of whether prejudice has been suffered by the separation. Upon those matters several rules are pertinent. ■ First, the jury is presumed to perform its duty as required by law. It is presumed "That official duty has been regularly performed; . . ." (Code Civ. Proc., § 1963(15)) "That a person is innocent of crime or wrong; . . ." (Code Civ. Proc., § 1963(1)) and "That the law has been obeyed." (Code Civ. Proc., § 1963(33).) Particularly applied it is presumed that the jurors have not communicated with anyone during the period of separation. ■ It is also true that the burden rests on the appellant to show on appeal that the error was prejudicial. (2 Cal.Jur. 1007-1009.) In the instant case the defendant (appellant) made no showing of prejudice whatsoever either in the trial court or here except the bare fact of separation. ■ Nor has it shown any abuse of discretion. On the contrary, the court stated a good and sufficient reason for the separation.

■ Even when the separation is not by leave of court it is almost the universal rule that in order to set aside the verdict *"there must be some evidence of other misconduct, in addition to the mere fact of separation,* which has operated to the party's prejudice." (*Saltzman* v. *Sunset Tel. & Tel. Co.,* 125 Cal. 501, 508 [58 P. 169].) This court said in the Saltzman case at page 508:

"The matter is fully discussed in a note to *McKenny* [McKinney] v. *People,* 43 Am.Dec. 65. The annotator says it is almost the universal rule that in order to set aside the verdict 'there must be some evidence of other misconduct, in addition

to the mere fact of separation, which has operated to the party's prejudice.'

"The rule in this state, I take it to be, in civil cases, that a separation, against the instruction of the court, with *evidence that improper influence* might have been brought to bear upon the juror, puts the burden upon the party seeking to sustain the verdict to negative the presumption and show that no such attempt was made. I think that was done in this case." (Emphasis added.) It will be noted that there must be *evidence* of misconduct occurring during the separation, that is, the complainant has the burden of establishing prejudice. This rule is iterated in *Estate of McKenna,* 143 Cal. 580 at page 589 [77 P. 461]:

"But in civil cases *proof of mere separation is not sufficient to set aside a verdict; it must appear in addition thereto that some prejudice to the moving party has occurred;* that some substantial right of his has been affected by the separation. Counsel for contestants call our attention to several decisions in criminal actions upon this point, but they have no application, as a different rule applies in civil than obtains in criminal cases." (Emphasis added.) And even in criminal cases the general rule is that where there is a separation authorized by the court, where it may give such authorization, the burden is upon the defendant to establish prejudice. (*People* v. *Yeager,* 194 Cal. 452 [229 P. 40]; 79 A.L.R. 828; 34 A.L.R. 1214.)

Defendant contends that the court erred in admitting the hospital record covering the period when plaintiff was there for care, asserting that it was improper for use in showing the diagnosis of plaintiff's condition and the nature and extent of her injuries. A proper foundation was laid for the admission of the record. It was made in the regular course of business of the hospital and contained matters customarily contained in such records. It was held in *Loper* v. *Morrison,* 23 Cal.2d 600 [145 P.2d 1], that such records are admissible since the addition of sections 1953e, 1953f to the Code of Civil Procedure. In the Loper case the record contained entries "relative to the *condition*" of plaintiff while she was in the hospital. Although it was sought to use these records to impeach plaintiff's testimony as to her condition, that is not important. It is true that in passing upon the claimed error in the exclusion of the records in that case, and holding the exclusion was not prejudicial error, the court did not deter-

mine the question of whether a proper foundation was laid for the introduction of the record. In the instant case a proper foundation was laid and the Loper case clearly held the records admissible in such event. The Loper case has since been followed. (*Gunter* v. *Claggett,* 65 Cal.App.2d 636 [151 P.2d 271].) (See, also, *Ulm* v. *Moore-McCormack Lines,* 115 F.2d 492, Rhg. denied 117 F.2d 222; *Reed* v. *Order of United Commercial Travelers,* 123 F.2d 252; and *Gile* v. *Hudnutt,* 279 Mich. 358 [272 N.W. 706].)

The Judgment is affirmed.

Gibson, C. J., Traynor, J., and Spence, J., concurred.

EDMONDS, J.—The conclusion that, in a civil action, a trial judge may, without the consent of the parties, allow the jurors to separate during their deliberations and before they have reached a verdict, in my opinion, not only rests upon a strained and unwarranted construction of the applicable statute but also sets aside procedure which has been established in this state for more than fifty years. Moreover, the decision equally justifies the separation of the jurors in a criminal case, contrary to the practice long recognized as fundamentally necessary for a fair administration of justice.

There is nothing in section 611 of the Code of Civil Procedure requiring an admonition of the jurors upon their separation, which is inconsistent with the mandate of section 613 directing that, when a cause is finally submitted to them, "they must be kept together." No interpretation of implied power reasonably may be drawn from section 611; on the contrary, the statute, in effect, only declares that when and if, under circumstances allowed by law, the jurors are permitted to disperse, they must be admonished. Certainly there is nothing in either section which justifies the implication that after a case has been submitted to the jurors, they may be allowed to separate over the objection of the parties.

In support of the assertion that statutes of the character of section 611 of the Code of Civil Procedure "impliedly confer power on the court to separate the jury," Mr. Justice Carter cites *State* v. *Howland,* 157 Kan. 11 [138 P.2d 424]; *State* v. *Haines,* 128 Kan. 475 [278 P. 767]; *State* v. *McNeil,* 59 Kan. 599 [53 P. 876], and *United Verde Copper Co.* v. *Kovacovich,* 42 Ariz. 159 [22 P.2d 1085]. The decision in the Howland case was not based upon legislation identical to or even remotely similar to the California statute, nor was the court

there determining whether the trial judge had any discretion to allow the separation of the jurors. It appears that during the deliberations of the jury after usual court hours, two of its members, in the company of the bailiff, left their associates for the purpose of obtaining information from the trial judge, who was near by. In holding that the conduct of the jury under such circumstances was not prejudicial, the court emphasized the fact that the separation was with the knowledge of the defendant's counsel. Also, unlike the present case, no objection was interposed to the separation nor was any motion made for a mistrial or to discharge the jury.

Another Kansas decision, *State* v. *Haines, supra,* considered a statute which clearly concerned a separation of the jury "after being impaneled" and before "the cause is finally submitted to them." From the statement of facts it does not appear that the dispersal was after submission of the cause to the jury. But again the court emphasized, "the record does not show that any objection was made to the separation of the jury. . . ." Nor is *State* v. *McNeil, supra,* a third Kansas case, authority for construing section 611 of the Code of Civil Procedure as empowering a trial judge to allow the separation of the jury. A statute of Kansas provided as a ground for new trial, "When the jury has been separated *without leave of the court* after retiring to deliberate upon their verdict." By implication, said the court, the statute allowed the separation of the jury after the submission of a case. The California Code of Civil Procedure does not specify separation of the jury as the ground for a new trial although almost the exact wording of the Kansas statute is found in section 1168 of the Penal Code of this state.

In *United Verde Copper Co.* v. *Kovacovich, supra,* it appears that after the jury was sworn the trial judge, upon application of the prevailing parties, "ordered that it be held together in the custody of the sheriff throughout the trial." Under the common law, said the court, the jury was not permitted to separate after being sworn but "it has become the fairly general practice in recent years to permit them to separate during recesses in civil cases." However, the court continued, there is not "any law requiring this to be done; in fact, under the statutes of this state the regular procedure is to hold them together. . . ." The following statement, that "the court in the exercise of its discretion may permit them to separate" is dictum and is limited by the observation that such an order is not usually made "unless requested by one

of the parties.'' In any event, in the Kovacovich case the court was considering a separation of the jury ''throughout the trial'' and ''during recesses'' rather than after submission of the cause for deliberation.

The additional fact, relied upon by Mr. Justice Carter, that courts in a relatively insignificant number of jurisdictions have held that a trial court may in its discretion order the separation of jurors in the absence of a statute authorizing it to do so, certainly has no controlling effect as against the legislative mandate in this state. Section 613 of the Code of Civil Procedure provides: ''When the case is finally submitted to the jury, they may . . . retire for deliberation; if they retire, they must be kept together, in some convenient place, under charge of an officer, until at least three-fourths of them agree upon a verdict or are discharged by the court. Unless by order of the court, the officer having them under his charge must not suffer any communication to be made to them, or make any himself, except to ask them if they or three-fourths of them are agreed upon a verdict.. .. .''

Although in *Saltzman* v. *Sunset Tel. & Tel. Co.,* 125 Cal. 501 [58 P. 169], a judgment was affirmed notwithstanding a very brief absence of one juror from his associates, the court held that a separation ''with evidence that improper influence might have been brought to bear upon the juror, puts the burden upon the party seeking to sustain the verdict to negative the presumption and show that no such attempt was made.'' This language was quoted with approval in *People* v. *Adams,* 143 Cal. 208 [76 P. 954, 101 Am.St.Rep. 92, 66 L.R.A. 247]. The decision of *Estate of McKenna,* 143 Cal. 580 [77 P. 416], at almost the same time as the Adams case, was placed upon the ground that it was ''doubtful, except technically, whether there was a separation at all.'' The fact that one of the jurors was delayed ''no more than two minutes'' in returning to the court room did not affect the substantial rights of the parties, said the court. These cases uphold the statutory mandate that there be no separation of the jury during the consideration of a case and where there has been any deviation from the prescribed procedure, require the party in whose favor the verdict has been returned to show that there was no attempt to bring influence to bear upon the determination.

In the present case it may be argued that objection of counsel for Pig'n Whistle was only directed to the proposed action of the court in allowing deliberation of the jurors notwith-

standing their apparent inability to reach a verdict. But, according to the record, after the trial judge informed the jury that it would be permitted to separate over night, counsel stated: "I wonder if your Honor will be good enough to ask each of the jurors whether they think they can get to-. gether because certainly I wouldn't want to see them come back here and have to sit here all day tomorrow——" "It isn't necessary for that comment," was the judge's answer, "it doesn't make any difference whether they have to stay here tomorrow——" Counsel then continued: "I do not have to stipulate that the jury be discharged because I strenuously object——" but was interrupted by the ruling: "The jury will be discharged until 9:30 tomorrow morning. You may go straight to the jury room tomorrow morning." The next and final statement of counsel was: "May the record show my objection to the jury being back here tomorrow morning?" The reply was: "The record will so show. . . ."

The jurors then left the court room for their homes and the next day, after reassembling and deliberating for some time, they were returned to the court room for the reading of some testimony. Consideration of the case was then resumed. During this time, counsel for Pig'n Whistle, out of the presence of the jury, moved for a mistrial upon the ground that the jurors, while deliberating, had been permitted to separate and go home. The motion was denied. Later in the day the jury returned a verdict for the respondent.

Although counsel might have been much more specific in resisting the proposed order, it appears that he was in a difficult position because of the trial judge's announcement in regard to the policy followed in that department of the court. Certainly counsel for Pig'n Whistle did not consent to the order allowing the jurors to go to their homes. At least impliedly, he was insisting that the jurors be kept together as required by section 613 of the Code of Civil Procedure. The requirements laid down by that statute are clear and certain and there should be no departure from them except upon the definite and unequivocal stipulation of counsel. Pig'n Whistle gave no such stipulation, and Mrs. McDowd has made no attempt to show lack of opportunity for improper influence to reach the jurors during the time they were apart.

For these reasons, in my opinion, the judgment should be reversed.

Shenk, J., and Schauer, J., concurred.