[Crim. No. 705.   Fourth Dist.   July 24, 1947.]

THE PEOPLE, Respondent, v. CLAUDE BASHAW, Appellant.

Whitelaw & Whitelaw for Appellant.

Fred N. Howser, Attorney General, and Frank Richards, Deputy Attorney General, for Respondent.

MARKS, J.—This is an appeal from an order denying a motion for new trial, and from the judgment pronounced on defendant adjudging him an habitual criminal with five prior convictions, and sentencing him to imprisonment for the term prescribed by law.

Benito Chavez conducted a business established in El Centro in Imperial County. In it were a bar, a restaurant, and a pool room with a cash register in each department. The place was securely locked at midnight of October 17, 1946. Some of the windows were open but metal screens were over all of them. Change had been left in the cash registers for use the next morning. When the establishment had been closed a search

disclosed no other person in the building aside from the three mentioned below.

About 4:30 o'clock on the morning of October 18, an employee of the owner who was sleeping on the premises with another employee and a third person, was awakened by a light being turned on. The employee found defendant in the lavatory with one of the cash registers broken open. The change in it had been removed.

The employee called his employer who called the police and defendant was taken to police headquarters for booking. The officers were new to their duties and were uncertain as to the charge to be placed against defendant. Defendant told them it should be "first degree burglary."

They searched defendant and found $16 in currency and $28.06 in change on him. The currency and 90 cents belonged to him. The officers testified that defendant told them that he obtained the balance of the change "out of the cash registers. By taking the plate off the big cash register in the pool hall over the small change drawer." Both officers testified that defendant was not intoxicated when arrested shortly after 4:30 a.m. on October 18th.

An examination of the premises disclosed that a screen over one of the windows had been ripped open.

Defendant became a witness in his own behalf and testified that he was so intoxicated that he remembered nothing between about 11 o'clock p.m. on October 17th, and the time when he came to in the jail the next morning.

Two grounds are presented for reversal of the judgment: (1) Error in refusing to strike out an answer of one of the witnesses for the People, and, (2) alleged delay on the part of two jurors in returning to the courtroom after the morning recess on the second day of the trial.

█ The motion to strike should have been granted as the answer contained the opinion of the witness as to how the entrance into the building had been accomplished. However, the error was not prejudicial as it was proven beyond question by several witnesses that the entrance had been made through the window from which the screen had been torn.

█ The record does not support the second alleged error. It was first mentioned by defendant in connection with the proceedings for new trial, when he said: "Judge, your Honor, I would like to make a motion to have an appeal from this trial, because the last day of the trial, in the morning at recess,

two of the jury stayed out after the others had come into the court room.''

An examination of the reporter's transcript shows that after the recess both counsel stipulated that the jury was present and the taking of evidence proceeded without further incident. We cannot presume error or prejudice. There is no merit in this contention. (*People v. Yeager,* 194 Cal. 452 [229 P. 40] ; *McDowd v. Pig'n Whistle Corp.,* 26 Cal.2d 696 [160 P.2d 797].)

In fairness to counsel we make the following observations. At the close of the trial, counsel for defendant asked to be relieved from further representing him but prepared his notice of appeal at the request of the trial judge. Defendant asked this court to appoint an attorney to represent him on appeal and the Presiding Justice asked counsel to act which they consented to do.

The order and judgment are affirmed.

Barnard, P. J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 21, 1947.