[Crim. No. 714. Fourth Dist. Jan. 10, 1949.]

THE PEOPLE, Respondent, v. CLAUDE BASHAW, Appellant.

Claude Bashaw, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was convicted on a charge of burglary, with prior convictions. On appeal, the judgment and an order denying a new trial were affirmed. (*People* v. *Bashaw*, 80 Cal.App.2d 974 [183 P.2d 41].) Thereafter, he filed in the trial court a petition for a writ of error

*coram nobis.* A hearing was had at which the defendant was present, representing himself. An order was entered denying his petition and the defendant has appealed from that order.

It is first contended that during the original trial of the action the judge erred in allowing two members of the jury to "stray from the premises"; in proceeding with the trial in the absence of two of the jurors; and in instructing a police officer, who was a prosecuting witness, "to seek, recover and mingle with said jurors." These matters were raised and passed upon on the former appeal in the original action. Aside from other considerations, we may add that nothing appears either in the record on the former appeal or in the present record which in any way discloses or tends to indicate prejudicial error. Apparently, two of the jurors were late in returning after a recess. Nothing was done in their absence, an officer who was asked to locate them found them coming into the courthouse, and the trial then proceeded after a stipulation that all of the jurors were present.

It is next contended that appellant's counsel "in the initial trial" resented the fact that he had been appointed by the court and displayed indifference to the proceedings. This is an unwarranted criticism of counsel and the contention is entirely without merit. The appellant was most ably represented by counsel, both at the trial of the action and on the former appeal.

It is next urged that this writ should have been issued because there was "no transcript of proceedings to original trial." There was such a transcript before us on the former appeal, which appeared to be complete. At the hearing in the trial court on the application for this writ the appellant stated that the reporter's transcript on the former appeal had "quite a bit of stuff omitted out of it." Not only was this a matter which could and should have been considered in connection with the former appeal but no attempt was made to show what the omissions were, or their revelancy. It was brought out that the reporter who had prepared the other transcript had since died and that no one could read his notes.

The appellant complains that a name was changed and another name removed from a subpoena issued at his request, and containing the names of 18 persons whom he desired as witnesses at the hearing in the trial court on his application for this writ. And, further, that the trial court refused to grant him any assistance in securing witnesses. No attempt was made to show who made this change in the subpoena or

why it was made. However, the record of the hearing discloses that no attempt was made to show that any desired witness had not been subpoenaed, that a recess was taken to await the arrival of the one witness for whom the appellant asked, and that the court gave the appellant an opportunity to ask for other witnesses if he so desired.

All but one of the matters here presented could have been, and some were, raised on the former appeal. Moreover, there is no evidence in the present record to support any of the claims here made. Under familiar and well-established rules there is no merit in this appeal.

The order appealed from is affirmed.

Griffin, J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 7, 1949.