## ODELL v. HUDSPETH.

### No. 4193.

United States Court of Appeals,
Tenth Circuit.

May 15, 1951.

Rehearing Denied June 12, 1951.

Paul B. Rodden, Denver, Colo., for appellant.

Willis H. McQueary, Asst. Atty. Gen. of the State of Kansas (Harold R. Fatzer, Atty. Gen. of the State of Kansas, on the brief), for appellee.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

On October 3, 1946, appellant, Lawson Odell, was convicted in the District Court of Barber County, Kansas, of murder in the first degree and sentenced to life imprisonment in the Kansas State Penitentiary. No appeal was taken and the judgment and sentence became final. Habeas corpus proceedings were thereafter instituted and denied in the State Court of Kansas and his petition for writ of certiorari was denied in the United States Supreme Court, 334 U.S. 851, 68 S.Ct. 1504, 92 L.Ed. 1773. Appellant then filed this proceeding in the United States District Court for the District of Kansas contending that his de-

tention was unlawful because his conviction had been obtained in violation of the due process clause of the Fourteenth Amendment to the Constitution. The District Court entertained the petition and after full hearing denied the relief on the grounds that the evidence failed to sustain the allegations of lack of due process. This appeal followed.

■ Federal courts will entertain applications for writs of habeas corpus and discharge persons detained under a state court judgment and sentence only when that custody is in violation of the constitution or laws or treaties of the United States, and then only when all remedies afforded by appeal have been exhausted. 28 U.S.C.A. § 2241; Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348; Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572; Hudspeth v. McDonald, 10 Cir., 120 F.2d 962. To authorize relief to a state prisoner under section 2241, the deprivation of constitutional rights must be such as to render the judgment void. Mere errors in proceedings by a state court in the exercise of its jurisdiction over a case properly before it, however serious, cannot be reviewed by habeas corpus. Habeas corpus proceedings may not be employed as a substitute for appeal. Frank v. Mangum, 237 U.S. 309, 326, 35 S.Ct. 582, 59 L.Ed. 969; Maxwell v. Hudspeth, 10 Cir., 175 F.2d 318, certiorari denied 338 U.S. 834, 70 S.Ct. 39; Garrison v. Hunter, 10 Cir., 149 F.2d 844; Rosenhoover v. Hudspeth, 10 Cir., 112 F. 2d 667. Federal courts will intervene only when the fundamental rights of the prisoner have been denied and taken from him arbitrarily and a trial in accordance with the established law of the state in a court of competent jurisdiction has not been afforded. The court in the Mangum case, in speaking of due process in state courts, aptly said: "It is perfectly well settled that a criminal prosecution in the courts of a state, based upon a law not in itself repugnant to the Federal Constitution, and conducted according to the settled course of judicial proceedings as established by the law of the state, so long as it includes notice and a hearing, or an opportunity to be heard, be-

fore a court of competent jurisdiction, according to established modes of procedure, is 'due process' in the constitutional sense." [237 U.S. 309, 35 S.Ct. 586.] To establish a different doctrine would impair the power of the states to prevent and punish crime.

In the case at bar petitioner sets up numerous assignments of error which he contends deprived him of due process of law. Those which merit discussion are: that a number of armed guards were stationed about the courtroom; that the defendant was handcuffed during the trial, except while testifying; that the jury was not kept together during trial; that the witnesses were not separated; and that the sheriff, a witness for the prosecution, acted as bailiff and custodian of the jury during the trial. It is admitted by the appellee that these conditions complained of did exist during the trial.

■ Generally the use of guards in the courtroom during trial and the necessity of the use of manacles on a defendant are within the sound discretion of the trial court. An abuse of this discretion, coupled with an unusual display of hostility toward a defendant, might well reach a point where the trial is a farce and a fair trial impossible. Moore v. Dempsey, 261 U.S. 86, 43 S.Ct. 265, 67 L.Ed. 543. We shall therefore consider whether the use of guards and manacles, together with the claim of unusual hostility toward the defendant, was sufficient to deprive the defendant of a constitutional trial and render the judgment and sentence void. The burden of proof was upon the petitioner to sustain these allegations. Eagles v. U. S. ex rel. Samuels, 329 U.S. 304, 67 S.Ct. 313, 91 L.Ed. 308; Hawk v. Olson, 326 U.S. 271, 66 S.Ct. 116, 90 L.Ed. 61; Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830. We think the petitioner failed to sustain the required burden of proof. The essence of the Sheriff's testimony was that armed guards were present, and manacles used, because he had reason to fear that relatives of the murdered person might cause trouble during the trial, and, in addition, the defendant was a known criminal having been convicted of burglary, robbery with firearms, and theft of an automobile. He believed it a nec-essary precaution to protect the petitioner and preserve order during the trial. The trial court agreed. This was within its discretion. The contention of extreme public hostility toward the defendant is also without merit. The evidence of such hostility was very meager. Throughout the trial the defendant was represented by eminent attorneys of his own choice, one of whom testified that he did not believe that the hostility toward the petitioner warranted the number of armed guards present. There was no gathering of a mob, no public demonstration, and no threatened violence toward the defendant by the public. There is no indication that there was any publicity in newspapers or otherwise which was unusually hostile to the defendant. It appears that except for the use of armed guards and the manacles the trial proceeded about as any other in that community. The record does not disclose any attempt to control or influence the jury or anything unusual about its deliberation. It returned a verdict carrying with it life imprisonment when it could have taken the life of the defendant. So far as the record shows the case caused no more public concern than any other case of a like nature. Apparently the claimed hostility did not reach such an extent as to cause the defendant or his attorneys to request a change of venue. The denial of a change of venue is discretionary and would not of itself void a judgment and sentence.

■ Freedom from shackling and manacling of a defendant during the trial of a criminal case has long been recognized as an important component of a fair and impartial trial. 14 Am.Jur., Criminal Law, Sec. 132. Ordinarily such procedure should be permitted only to prevent the escape of the prisoner or to prevent him from injuring bystanders and officers of the court or to maintain a quiet and peaceable trial. Blaine v. United States, 78 U.S.App.D.C. 64, 136 F.2d 284; McDonald v. United States, 8 Cir., 89 F.2d 128, certiorari denied 301 U.S. 697, 57 S.Ct. 925, 81 L.Ed. 1352; State v. McKay, 63 Nev. 118, 165 P.2d 389, 167 P.2d 476; People v. Kimball, 5 Cal.2d 608, 55 P.2d 483; Rayburn v. State, 200 Ark. 914, 141 S.W.2d 532; Gray v. State, 99 Tex.Cr.R. 305, 268 S.W. 941, 949; State

v. Bryan, 69 Ohio App. 306, 43 N.E.2d 625. The question of whether the manacling was an abuse of discretion should have been tested on appeal. Federal courts interfere with the administration of justice in state courts only in rare cases where circumstances of peculiar urgency are shown to exist. Williams v. Kaiser, 323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. 398; Ex Parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572; Tinsley v. Anderson, 171 U.S. 101, 18 S.Ct. 805, 43 L.Ed. 91; Kohl v. Lehlback, 160 U. S. 293, 16 S.Ct. 304, 40 L.Ed. 432; In re Wood, 140 U.S. 278, 11 S.Ct. 738, 35 L.Ed. 505; Cook v. Hart, 146 U.S. 183, 13 S.Ct. 40, 36 L.Ed. 934; McElvaine v. Brush, 142 U.S. 155, 12 S.Ct. 156, 35 L.Ed. 971; Schechtman v. Foster, 2 Cir., 172 F.2d 339, certiorari denied 339 U.S. 924, 70 S.Ct. 613. We do not say that a remedy is not available in federal courts where it is clear that the trial in a criminal case was a farce, dominated by a mob, or the conduct of the citizens of the community and its officers prevented a fair and impartial trial such as in the case of Moore v. Dempsey, supra, or a situation recited by Mr. Justice Jackson in Shepherd v. Florida, 71 S.Ct. 549. We have no such case here.

As to the remaining contentions, it is the better practice not to permit a jury to separate during the trial of capital cases but for the court to allow such separation does not void the judgment. In Kansas it is not such misconduct as to constitute prejudicial error on appeal unless it is established that it tended to prevent a fair and due consideration of the case. State v. Howland, 157 Kan. 11, 138 P.2d 424; State v. Haines, 128 Kan. 475, 278 P. 767; State v. McNeil, 59 Kan. 599, 53 P. 876; see also Baker v. Hudspeth, 10 Cir., 129 F.2d 779, 782, certiorari denied Baker v. Hunter, 317 U.S. 681, 63 S.Ct. 201, 87 L.Ed. 546. There is no showing that the separation was without order or permission of the court or that it was not properly instructed prior to separation. It is not shown that a request was made by defendant or his counsel that the jury be kept together. The contention that the sheriff, a witness for the prosecution, acting as bailiff and custodian of the jury during the trial would void the judgment, is also without merit. There is no evidence that the sheriff did anything irregular in performing this function. The evidence was to the contrary. Williams v. Barnes, 181 Ga. 514, 182 S.E. 897; 53 Am. Jur., Trial, Sec. 858, p. 625. So too, the refusal to exclude the witnesses from the courtroom during the trial is within the discretion of the court. Oliver v. United States, 10 Cir., 121 F.2d 245, certiorari denied 314 U.S. 666, 62 S.Ct. 124, 86 L.Ed. 533; State v. Sweet, 101 Kan. 746, 168 P. 1112; State v. Davis, 48 Kan. 1, 9, 28 P. 1092.

Judgment is affirmed.